CASE 3—INDICTMENT—DECEMBER 4.

# Cornelius vs. Commonwealth,

APPEAL FROM KENTON CIRCUIT COURT.

Where several persons are jointly indicted, one is not a competent witness for the other, even where they are tried separately. But this rule does not universally exclude the wife of one defendant as a competent witness for another, where they are tried separately. The principle settled in the case of *Thompson vs. Commonwealth*, (1 *Met.*, 13,) is adhered to.

Two persons are jointly indicted for larceny and embezzlement—the wife of one is a competent witness for the other, when tried separately.

There are three states of case in which the wife cannot be a witness for a co-defendant with her husband: *First*, where her testimony, as in case of a conspiracy, would tend *directly* to the acquittal of her husband. *Secondly*, where, as in the case of an *assault*, the interests of all the defendants are *inseparable*; and, *Thirdly*, where the *rights* of the husband, though not a party to the suit or prosecution, would be concluded by any verdict therein. (*Greenleaf's Ev.*, sec. 335.)

Where a judgment of conviction, in a criminal case, is reversed upon the ground that the indictment is defective and that the motion in arrest of judgment should have been sustained—upon the return of the case to the circuit court, if that court is of opinion, from the evidence on the trial, that the defendant is guilty of a public offense, he may be proceeded against as directed by *secs.* 274, 160, and 161 *of the Criminal Code.*

*Quere.* Has the court of appeals jurisdiction to reverse a judgment of conviction for an error committed by the circuit court in sustaining a demurrer to a plea, however prejudicial to the defendant? (*Crim. Code, sec.* 334.) The plea here was former acquittal.

J. G. CARLISLE, for appellant, cited *Criminal Code, secs.* 176, 169, 178; 4 *Jones,* (*N. C.*,) 290 ; 2 *Swan,* (*Tenn.*,) 493 ; 17 *Penn.*, 127 ; 2 *Hawks.*, 98; 17 *Wend.*, 386 ; 6 *Dana,* 295 ; 9 *Yerg.*, 357 ; 13 *Texas,* 168; 1 *Swan,* 14 ; 6 *Humph.*, 410 ; 14 *Grat.*, 592 ; 41 *Maine,* 165 ; 14 *Geo.*, 8 ; 12 *Pick.*, 496 ; 17 *Pick.*, 400 ; 5 *Esp.*, 107 ; 2 *Stra.*, 1095 ; 1 *Carr. & K.*, 494 ; 8 *C. & P.*, 284 ; 11 *Mass.*, 288 ; 2 *Stra.*, 504 ; *Roscoe's Crim. Ev.*, 147, 148, 149 ; *Ry. & Moo.*, 352 ; *Wharton's Amer. Crim. Law*, 359 ; 1 *McCord,* 286 ; 2 *Ash.*, 31 ; 1 *Mass.*, 15 ; 1 *Met. Ky. Rep.*, 13 ; 17 *B. Mon.*, 318 ; *Moody Cr. Ca.*, 289.

A. J. JAMES, Attorney General, for Commonwealth, cited *Hale's Pleas of the Crown, vol.* 1, *page* 305 ; 3 *Bacon's Ab.. title Evidence* (*A.*;) 2 *H. P. C.*, chap., 46, sec. 18 ; 2 *Starkie,* 11, 12 ;

Cornelius vs. Commonwealth.

1 *Greenleaf's Ev.*, secs. 335, 379 ; 2 *Met.*, 519 ; 1 *Met.*, 14 ; *Roscoe's Crim. Ev.*, 154, 155 ; 1 *Yerger*, 431 ; 1 *Archbold Crim. Prac. and Pleading*, 353 ; 10 *John.*, 95 ; 2 *Virg. Cases*, 314 ; 19 *Wend.*, 377 ; *Walker's Rep.*, 7, 16, 17 ; 2 *Dev.* 420 ; *Wharton's Amer. Crim. Law*, secs. 767, 790 ; 2 *Iredell*, 402 ; 1 *Gray*, 555 ; 12 *Howard*, 361 ; 17 *B. Mon.*, 318 ; *Civil Code*, sec. 670 ; *Criminal Code*, secs. 334, 179.

JUDGE DUVALL DELIVERED THE OPINION OF THE COURT:

This was an indictment against Cornelius and Glacken jointly, charging them, *first*, with having feloniously *stolen* a cow and calf, the property of one Nancy Magirl; and *secondly*, with having feloniously *embezzled* the proceeds of the sale of the same property.

The defendants having been allowed separate trials, Cornelius pleaded not guilty, and also a former acquittal of the offenses charged. A demurrer to the latter plea was sustained by the court, and upon the issue formed by the plea of not guilty, he was tried, convicted, and, by the judgment of the court, sentenced to three years confinement in the penitentiary.

Upon the trial Cornelius offered to prove by the wife of Glacken that at the time the cattle were obtained he paid Mrs. Magirl fifteen dollars, being the amount for which he afterwards sold them. The Commonwealth objected to this testimony on the ground that the witness was incompetent; the objection was sustained, and the defendant excepted. The correctness of this decision is the first and principal point to be considered.

There can be no doubt that where several persons are jointly indicted, one is not a competent witness for the other, even where they are tried separately. This was the common law rule, and it has been repeatedly recognized by this court. (*Adwell vs. Commonwealth*, 17 *B. Mon.*, 318 ; *Thompson vs. Commonwealth*, 1 *Met. Ky. Rep.*, 16.) In the latter case it was said that this rule was founded, not upon any interest which the party may in such cases be supposed to have, either in the record or in the result of the prosecution, but chiefly upon the general principle which, before the adoption of our Codes of

Practice, excluded as incompetent all the parties to the record, whether in civil or in criminal proceedings.

But it is equally clear, upon principle and authority, that the rule does not universally exclude the wife of one defendant as a competent witness for another, where they are tried separately. The reason ceasing, the law ceases. Accordingly, in *Thompson vs. Commonwealth*, before referred to, it was decided, upon what was then and still is deemed the weight of the somewhat conflicting authorities upon the subject, that the wife of one of several defendants jointly indicted for murder should have been admitted as a witness for another who was then upon his separate trial, on the ground that the acquittal or conviction of the accused could not, so far as the facts appearing in the record showed, have operated either to the prejudice or advantage of the husband on his subsequent trial.

The same principle and reasoning are applicable to the present case. According to the doctrine as very fully and clearly stated by Greenleaf, there are three states of case in which the wife cannot be a witness for a co-defendant with her husband : *First.* Where her testimony, as in the case of a conspiracy, would tend *directly* to the acquittal of her husband. *Secondly.* Where, as in the case of an *assault*, the interests of all the defendants are *inseparable ;* and, *Thirdly.* Where the *rights* of the husband, though not a party to the suit or prosecution, would be concluded by any verdict therein. (*Greenleaf on Evidence, section* 335.) Now, as the record of the proceeding against Cornelius could not be used as evidence for any purpose on the trial of Glacken, it is not seen in what way the testimony of Mrs. Glacken could tend, directly or indirectly, to the acquittal of her husband. No fact which might be proved on the separate trial of Cornelius could possibly operate to the prejudice or advantage of Glacken, unless the same fact were proved by a competent witness on the trial of the latter, and his acquittal is therefore in no manner dependent on the acquittal of the other.

Adhering, then, to the principle settled in the case of *Thompson vs. Commonwealth*, and perceiving nothing in the facts of the.

present case to take it out of the scope and operation of that principle, our conclusion is that the court below erred in rejecting the testimony of this witness.

2. But we are of opinion that the demurrer to the defendant's plea of former acquittal was properly sustained. This court decided, upon the appeal taken by the defendant from the former judgment, that the indictment was defective, and that the motion in arrest of judgment should have been sustained. Upon the return of the case, with the mandate of this court, it stood precisely as if the court below had, in the first instance, sustained his motion to arrest the judgment. And where there is an arrest of judgment, if the court is of opinion, from the evidence on the trial, that the defendant is guilty of a public offense, he may be detained in custody or on bail in the manner and for the time prescribed in *sections* 160 *and* 161. (*See sec.* 274 *of Crim. Code.*)

It is proper, however, to remark that it may be well doubted whether this court has jurisdiction to reverse a judgment of conviction for an error committed by the court below in sustaining a demurrer to a plea, however prejudicial to the defendant. (*Section* 334.)

But upon the ground and for the reasons before stated the judgment is reversed, and the cause remanded for a new trial, and for further proceedings in conformity with this opinion.